# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1825
Filed January 28, 2026

———————————

**In the Interest of R.A., J.S., S.J., and N.H., Minor Children,**

**J.H., Father,**
Appellant,

**T.H., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Worth County,
The Honorable Elizabeth Batey, Judge.

———————————

**AFFIRMED ON BOTH APPEALS**

———————————

Richard S. Piscopo Jr., Mason City, attorney for appellant father.

Matthew B. De Jong, Rochester, Minnesota, attorney for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney
General, attorneys for appellee State.

Danielle M. Ellingson of Noah, Smith, Sloter & Ellingson PLC, Charles
City, attorney and guardian ad litem for minor children.

———————————

Considered without oral argument by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

The juvenile court terminated parental rights pertaining to four children. The mother of all four children and the father of the youngest child separately appeal.[1] Both challenge only the juvenile court's determination that termination is in their respective children's best interests.[2] We review termination-of-parental-rights cases de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). Although we are not bound by the juvenile court's factual findings, we give them respectful consideration, especially when assessing the credibility of witnesses. *Id.* Because the parents only challenge the best-interests determination, we likewise limit our review. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (recognizing that while we typically complete a three-step review, we only review those steps challenged by the parent).

When making a best-interests determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2) (2025). And we recognize that a child's safety and need for permanency are "the defining elements in a child's best interests." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). Following our review of the record, we agree with the juvenile court's determination that

---

[1] The fathers of the other children either did not have their rights terminated or did not appeal the termination of their parental rights. All subsequent references to "the father" refer to the youngest child's father.

[2] To the extent either parent attempts to request additional time to work toward reunification or establishment of guardianships in lieu of termination, neither has sufficiently developed any arguments for our review through their passing references. *See, e.g.*, *In re A.T.*, No. 25-0528, 2025 WL 1704442, at *1 n.2 (Iowa Ct. App. June 18, 2025) (concluding a father forfeited any request for additional time to work toward reunification when he only made two passing references to a request for additional time).

the father "is a violent and prolific child abuser." And the mother has continuously failed to protect her children from his abuse and has engaged in systematic efforts to hide it. Further, both parents have refused to acknowledge that the abuse occurred. *See In re D.D.*, 955 N.W.2d 186, 193 (Iowa 2021) ("It's folly to think the [parents] will stand sentinel to protect against a foe she [or he] doesn't acknowledge exists."). Accordingly, we conclude termination of each parent's respective rights is in the children's best interests due to the long history of child abuse occurring in the familial home. We affirm without further opinion. Iowa Ct. R. 21.26(1)(d)(e).

**AFFIRMED ON BOTH APPEALS.**